IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| APPLIED ULTRASONICS, LLC and UIT, LLC | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. CV-_____ |
| INTEGRITY TESTING LABORATORY, INC. and STRUCTURAL INTEGRITY SERVICES, INC. | ) ) ) ) ) ) | CV-13-MHH-0964-S |
| Defendants. | ) | |

COMPLAINT

Plaintiffs, Applied Ultrasonics, LLC ("Applied Ultrasonics") and UIT, LLC, for their complaint allege as follows:

NATURE OF ACTION

1. This is an action for patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. § *et seq.*

THE PARTIES

2. Plaintiff Applied Ultrasonics, LLC is a limited liability corporation organized and existing under the laws of the State of Alabama with its principal place of business at 2870 Crestwood Blvd., Birmingham, AL 35210. Plaintiff UIT,

LLC is a limited liability corporation organized and existing under the laws of the State of Alabama with its principal place of business at 2870 Crestwood Blvd., Birmingham, AL 35210.

3. Upon information and belief, Defendant Integrity Test Laboratory, Inc. is a corporation with its principal place of business at 80 Esna Park Dr., Units 7-9, Markham, Ontario, L3R 2R7, Canada ("ITL"). Upon further information and belief, Defendant Structural Integrity Services, Inc. is a corporation with its principal place of business at 15 North Park Rd., Units 212, Thornhill, Ontario, L4J 0A1, Canada ("SIS").

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 1338(a) and (b) and 15 U.S.C. § 1121, as it involves substantial claims arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

5. The Court has both general and specific personal jurisdiction over Defendants because Defendants maintain continuous and systematic commercial contacts within the State of Alabama. Defendants have purposefully solicited business in the State of Alabama, negotiated directly with Plaintiffs in the State of Alabama and, on information and belief, entered into contracts resulting in the distribution of Defendants' goods, including the goods made the subject of this Complaint, throughout the State and this District.

6. Through these activities, Defendants have purposefully availed themselves of the opportunity to conduct commercial activities in this forum. Further, Defendants maintain Internet Websites at <www.itlinc.com> and <www.sintes.ca> that actively and continuously solicit commercial interaction with Alabama residents.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL ALLEGATIONS

8. Plaintiff Applied Ultrasonics is engaged in the design, development and delivery of equipment and processes which utilize ultrasonic impact technology ("UIT") for improving the structure and properties of metals and welded components.

9. UIT refers to metallurgical processes in which ultrasonic energy is applied to metals in a controlled manner. UIT metal treatment can result in controlled residual compressive stress, grain refinement and grain size reduction in the metal.

10. UIT relies upon ultrasonic waves that are produced by an ultrasonic transducer and applied to a metal workpiece. An acoustically tuned resonator bar is caused to vibrate by energizing it with the ultrasonic transducer. The energy

generated from these high frequency impulses is imparted to the treated surface through the contact of specially designed steel pins.

11. Plaintiff UIT, LLC is the owner by assignment of a number of patents which are directed to UIT. These patents include U.S. Patent No. 6,171,415, titled "Ultrasonic impact methods for treatment of welded structures" ("the '415 Patent"); U.S. Patent No. 6,338,765, titled "Ultrasonic impact methods for treatment of welded structures" ("the '765 Patent"); U.S. Patent No. 6,932,876, titled "Ultrasonic impact machining of body surfaces to correct defects and strengthen work surfaces" ("the '876 Patent"); and U.S. Patent No. 7,344,609, titled "Ultrasonic Impact for Treatment of Welded Structures" ("the '609 Patent")(collectively, "the UIT Patents"). The UIT Patents are licensed to Applied Ultrasonics.

12. UIT is currently utilized by Applied Ultrasonics in aerospace, mining, offshore drilling, shipbuilding, infrastructure, automotive, energy production and other industries

13. With knowledge of Plaintiffs' exclusive rights in the UIT Patents, Defendants have used, offered for sale, sold and imported into the United States, and continue to use, offer for sale, sell and import into the United States, equipment and related software including, without limitation, ITL's so-called

UltraMARS and UltraPEEN systems (collectively, "ITL Equipment"), the use of which infringes upon the UIT Patents.

14. With knowledge of Plaintiffs' exclusive rights in the UIT Patents, Defendants have intentionally induced others, such as American Bridge Company, to use the ITL Equipment in a manner that directly infringes the UIT Patents. For example, Defendants advertise that the ITL Equipment is used for "ultrasonic peening of parts and welded elements" and "[o]ptimization of the UP [ultrasonic peening] application parameters (a maximum possible increase in fatigue life of structural elements…" Defendants further advertise that "[f]or the effective application of UP, …, a software package for Optimum Application of Ultrasonic Peening (a maximum possible increase in fatigue life of welded elements with minimum labor- and power-consumption) was developed based on original predictive model." Defendants also advertise that the ITL Equipment is used for residual stress management, beneficial redistribution of residual stresses, relieving harmful tensile residual stresses in wires and cables and improving fatigue life of same.

15. Defendants have used, offered for sale, sold and imported into the United States, and continue to use, offer for sale, sell and import into the United States, the ITL Equipment with knowledge that the ITL Equipment is especially made or especially adapted for use in an infringement of the UIT Patents. Further,

Defendants are aware that the ITL Equipment has no substantial non-infringing uses and that its customers, such as American Bridge Company, are using the ITL Equipment in a manner that infringes the UIT Patents.

## COUNT I

### INFRINGEMENT OF UNITED STATES PATENT NO. 6,171,415

16. Plaintiffs reallege all previous paragraphs of this Complaint as if fully set forth herein.

17. Upon information and belief, Defendants have used, offered for sale, sold and imported into the United States, and continues to use, offer for sale, sell and import into the United States, equipment and related software, including ITL's so-called UltraMARS and UltraPEEN systems, which infringe upon the '415 patent.

18. Upon information and belief, Defendants have directly infringed, contributed to and/or actively induced infringement of the '415 patent and are continuing to directly infringe, contribute to and/or actively induce infringement by making, using, importing, offering for sale, soliciting sales by others, enabling or assisting with sales by others of, and/or selling within the United States products, including, without limitation, the ITL Equipment, which is covered by one or more claims of the '415 patent.

19. Upon information and belief, Defendants have been and are infringing the '415 patent with knowledge of the patent, and thus Defendants' infringement is willful.

20. Defendants' infringement of the '415 patent is without the consent of, authority of, or license from, Plaintiffs.

21. Upon information and belief, Defendants have caused and will continue to cause Plaintiffs irreparable injury and damage by infringing the '415 patent. Plaintiffs will suffer further irreparable injury, for which they have no adequate remedy at law, unless and until Defendants are enjoined from infringing the '415 patent.

## COUNT II

### INFRINGEMENT OF UNITED STATES PATENT NO. 6,338,765

22. Plaintiffs reallege all previous paragraphs of this Complaint as if fully set forth herein.

23. Upon information and belief, Defendants have used, offered for sale, sold and imported into the United States, and continues to use, offer for sale, sell and import into the United States, equipment and related software, including ITL's so-called UltraMARS and UltraPEEN systems, which infringe upon the '765 patent.

24. Upon information and belief, Defendants have directly infringed, contributed to and/or actively induced infringement of the '765 patent and are continuing to directly infringe, contribute to and/or actively induce infringement by making, using, importing, offering for sale, soliciting sales by others, enabling or assisting with sales by others of, and/or selling within the United States products, including, without limitation, the ITL Equipment, which is covered by one or more claims of the '765 patent.

25. Upon information and belief, Defendants haves been and are infringing the '765 patent with knowledge of the patent, and thus Defendant's infringement is willful.

26. Defendants' infringement of the '765 patent is without the consent of, authority of, or license from, Plaintiffs.

27. Upon information and belief, Defendants have caused and will continue to cause Plaintiffs irreparable injury and damage by infringing the '765 patent. Plaintiffs will suffer further irreparable injury, for which they have no adequate remedy at law, unless and until Defendants are enjoined from infringing the '765 patent.

## COUNT III

### INFRINGEMENT OF UNITED STATES PATENT NO. 6,932,876

28. Plaintiffs reallege all previous paragraphs of this Complaint as if fully set forth herein.

29. Upon information and belief, Defendants have used, offered for sale, sold and imported into the United States, and continue to use, offer for sale, sell and import into the United States, equipment and related software, including ITL's so-called UltraMARS and UltraPEEN systems, which infringe upon the '876 patent.

30. Upon information and belief, Defendants have directly infringed, contributed to and/or actively induced infringement of the '876 patent and are continuing to directly infringe, contribute to and/or actively induce infringement by making, using, importing, offering for sale, soliciting sales by others, enabling or assisting with sales by others of, and/or selling within the United States products, including, without limitation, the ITL Equipment, which is covered by one or more claims of the '876 patent.

31. Upon information and belief, Defendants have been and are infringing the '876 patent with knowledge of the patent, and thus Defendants' infringement is willful.

32. Defendants' infringement of the '876 patent is without the consent of, authority of, or license from, Plaintiffs.

33. Upon information and belief, Defendants haves caused and will continue to cause Plaintiffs irreparable injury and damage by infringing the '876 patent. Plaintiffs will suffer further irreparable injury, for which they have no adequate remedy at law, unless and until Defendants are enjoined from infringing the '876 patent.

## COUNT IV

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,344,609

34. Plaintiffs reallege all previous paragraphs of this Complaint as if fully set forth herein.

35. Upon information and belief, Defendants have used, offered for sale, sold and imported into the United States, and continue to use, offer for sale, sell and import into the United States, equipment and related software, including ITL's so-called UltraMARS and UltraPEEN systems, which infringe upon the '609 patent.

36. Upon information and belief, Defendants have directly infringed, contributed to and/or actively induced infringement of the '609 patent and are continuing to directly infringe, contribute to and/or actively induce infringement by making, using, importing, offering for sale, soliciting sales by others, enabling or assisting with sales by others of, and/or selling within the United States products,

including, without limitation, the ITL Equipment, which is covered by one or more claims of the '609 patent.

37. Upon information and belief, Defendants have been and are infringing the '609 patent with knowledge of the patent, and thus Defendants' infringement is willful.

38. Defendants' infringement of the '609 patent is without the consent of, authority of, or license from, Plaintiffs.

39. Upon information and belief, Defendants have caused and will continue to cause Plaintiffs irreparable injury and damage by infringing the '609 patent. Plaintiffs will suffer further irreparable injury, for which they have no adequate remedy at law, unless and until Defendants are enjoined from infringing the '609 patent.

WHEREFORE, Plaintiffs request a judgment against Defendants for injunctive relief, attorneys' fees, and costs, and any other relief to which Plaintiffs are entitled as determined by a struck jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

1. That U.S. Patent No. 6,171,415 has been infringed;

2. That U.S. Patent No. 6,338,765 has been infringed;

3. That U.S. Patent No. 6,932,876 has been infringed;

4. That U.S. Patent No. 7,344,609 has been infringed;

5. That, pursuant to 35 U.S.C. § 283, Defendants and their agents, suppliers, distributors, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants be permanently enjoined and restrained from further infringement of U.S. Patent Nos. 6,171,415, 6,338,765, 6,932,876 and 7,344,609;

6. That, pursuant to 35 U.S.C. § 284, the Court order an award for damages for Defendants' infringement of U.S. Patent Nos. 6,171,415, 6,338,765, 6,932,876 and 7,344,609 and that such award be increased three times;

7. That, pursuant to 35 U.S.C. § 289, Defendants be required to account to Plaintiffs for Defendants' profits and for such sum in addition thereto as the Court shall find just;

8. That Defendants be ordered to pay an award of damages in an amount to be determined at trial, plus pre- and post- judgment interest;

9. That Defendants be ordered to pay an award of punitive damages as allowable under the law;

10. That the Court declare this to be an exceptional case and award Plaintiffs their full costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and,

11. That the Court grant Plaintiffs such and other further relief that the Court deems just and proper .

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues in this case.

DATED this ___ day of May, 2013.

                                                             Scott S. Brown
                                                             C. Bandon Browning
                                                             Attorneys for Plaintiffs
                                                             Applied Ultrasonics, LLC and UIT, LLC

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203-2618
Tel.: (205) 254-1000
Fax: (205) 254-1999


DEFENDANTS TO BE SERVED BY CERTIFIED MAIL

Integrity Test Laboratory, Inc.
80 Esna Park Dr., Units 7-9
Markham, Ontario, L3R 2R7
Canada

Structural Integrity Services, Inc.
15 North Park Rd., Units 212
Thornhill, Ontario, L4J 0A1
Canada